| **United States Bankruptcy Court**<br>*SOUTHERN* DISTRICT OF *NEW YORK* | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>*Xincon Technologies Inc.,*<br>*a New York Corporation* | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|

| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>*NONE* | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
|---|---|

| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): *133733640* | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
|---|---|

| Street Address of Debtor (No. & Street, City, and State):<br>*500 8th Avenue*<br>*Suite 401*<br>*New York NY*    ZIPCODE *10018* | Street Address of Joint Debtor (No. & Street, City, and State):<br> ZIPCODE |
|---|---|

| County of Residence or of the<br>Principal Place of Business: | County of Residence or of the<br>Principal Place of Business: |
|---|---|

| Mailing Address of Debtor (if different from street address):<br>*SAME*    ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br> ZIPCODE |
|---|---|

| Location of Principal Assets of Business Debtor<br>(if different from street address above): *SAME*    ZIPCODE |
|---|

**Type of Debtor** (Form of organization)
(Check **one** box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (if debtor is not one of the above entities, check this box and state type of entity below

**Nature of Business**
(Check **one** box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other *Business Training School*

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose"
- [x] Debts are primarily business debts.

**Chapter 11 Debtors:**

**Check one box:**
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (amount subject to adjustment on 4/01/13 and every three years thereafter).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**Check all applicable boxes:**
- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | *Xincon Technologies Inc.,*<br>*a New York   Corporation* |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** | (If more than two, attach additional sheet) | |
|---|---|---|
| Location Where Filed:<br>*NONE* | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** | (If more than one, attach additional sheet) | |
|---|---|---|
| Name of Debtor:<br>*NONE* | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11) | (To be completed if debtor is an individual whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition | **X** _____   *05/07/2010*<br>   Signature of Attorney for Debtor(s)                              Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | *Xincon Technologies Inc.,* *a New York Corporation* |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b)

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed name of Foreign Representative)

05/07/2010
(Date)

### Signature of Attorney*

X */s/ Daniel M. Silvershein*
Signature of Attorney for Debtor(s)

*Daniel M. Silvershein  dms-7669*
Printed Name of Attorney for Debtor(s)

*Daniel Silvershein, Atty at Law*
Firm Name

*262 West 38th Street*
Address

*Suite 1007*

*New York NY  10018*

*212-387-7880*
Telephone Number

*05/07/2010*
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110 (h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X */s/ Yixin Guo*
Signature of Authorized Individual

*Yixin Guo*
Printed Name of Authorized Individual

*President*
Title of Authorized Individual

*05/07/2010*
Date

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK
## ONE BOWLING GREEN DIVISION

In re *Xincon Technologies Inc., a New York  Corporation*

Case No.

Chapter  **7**

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's  liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data"if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | *Yes* | *1* | $          0.00 | | |
| B-Personal Property | *Yes* | *3* | $    194,908.00 | | |
| C-Property Claimed as Exempt | *No* | *0* | | | |
| D-Creditors Holding Secured Claims | *Yes* | *1* | | $          0.00 | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | *Yes* | *2* | | $    331,814.80 | |
| F-Creditors Holding Unsecured Nonpriority Claims | *Yes* | *3* | | $    934,138.75 | |
| G-Executory Contracts and Unexpired Leases | *Yes* | *1* | | | |
| H-Codebtors | *Yes* | *2* | | | |
| I-Current Income of Individual Debtor(s) | *No* | *0* | | | $          0.00 |
| J-Current Expenditures of Individual Debtor(s) | *No* | *0* | | | $          0.00 |
| TOTAL | | 13 | $    194,908.00 | $  1,265,953.55 | |

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK
# ONE BOWLING GREEN DIVISION

In re *Xincon Technologies Inc., a New York  Corporation*          Case No. 

                                                                    Chapter    **7**

_____ / Debtor

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C  § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| **TOTAL** | $ |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

In re _Xincon Technologies Inc., a New York  Corporation_      Case No. _____
                         Debtor                                                            (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY ON BEHALF OF A CORPORATION

I, _Yixin Guo_____, _President_____ of the _Corporation_____
named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   _14_  sheets,
and that they are true and correct to the best of my knowledge, information, and belief.


Date: _5/7/2010_____          Signature _/s/ Yixin Guo_____
                                              Name: _Yixin Guo_
                                              Title:  _President_


            [An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]


Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

In re *Xincon Technologies Inc.* _____ ,        Case No._____
                        Debtor(s)                                                                                                (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| *None* | | | | *None* |
| | | **TOTAL $** | *0.00* | |

No continuation sheets attached

**(Report also on Summary of Schedules.)**

In re <u>*Xincon Technologies Inc.*</u>                                          ,          Case No. _____
                           Debtor(s)                                                                                    (if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *Citi Bank* *Grand Central Station* *New York, NY 10163* *Location: In debtor's possession* | | $ 4,908.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |

In re _Xincon Technologies Inc._ , Case No. _____

Debtor(s)                                                                    (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | | _Accounts Receivable_ _$8,000 per month_ _All Personal Assets Sold Pursuant to Asse-_ _Purchase Agreement HLR Partners_ _2007-2008_ _Location: In debtor's possession_ | | $ 190,000.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |

In re _Xincon Technologies Inc._ ,  Case No. _____
     Debtor(s)                                            (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Page __3__ of __3__

Total ➡    $ 194,908.00

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

In re _Xincon Technologies Inc._ ,          Case No._____

    **Debtor(s)**                                    (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain

☒ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number *(See Instructions Above.)* | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien  H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: | | | | | | | |
| | | Value: | | | | | |
| Account No: | | | | | | | |
| | | Value: | | | | | |
| Account No: | | | | | | | |
| | | Value: | | | | | |

No continuation sheets attached

|  |  |  |
|---|---|---|
| **Subtotal $** (Total of this page) | *$ 0.00* | *$ 0.00* |
| **Total $** (Use only on last page) | *$ 0.00* | *$ 0.00* |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

In re _Xincon Technologies Inc._____,    Case No._____
              **Debtor(s)**                                                             **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_1_   **continuation sheets attached**

In re _Xincon Technologies Inc._____ ,     Case No._____

                  **Debtor(s)**                                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

Type of Priority for Claims Listed on This Sheet:  _Taxes and Certain Other Debts Owed to Governmental Units_

| Creditor's Name, Mailing Address Including ZIP Code, and Account Number *(See instructions above.)* | Co-Debtor | Date Claim was Incurred and Consideration for Claim<br><br>H--Husband<br>W--Wife<br>J--Joint<br>C--Community | Contingent | Unliquidated | Disputed | Amount of Claim | Amount Entitled to Priority | Amount not Entitled to Priority, if any |
|---|---|---|---|---|---|---|---|---|
| Account No: _3640_<br>_Creditor # : 1_<br>_IRS_<br>_Cincinnati OH 45999_ | X | | | | | $245,816.56 | $245,816.56 | $ 0.00 |
| Account No: _40-6_<br>_Creditor # : 2_<br>_NYS Dept Tax & Finance_<br>_Civil Enforcement-_<br>_Metropolitan_<br>_55 Hanson Place_<br>_Brooklyn NY 11217_ | X | | | | | $ 85,998.24 | $ 85,998.24 | $ 0.00 |
| Account No: | | | | | | | | |
| Account No: | | | | | | | | |
| Account No: | | | | | | | | |
| Account No: | | | | | | | | |

Sheet No. _1_ of _1_ continuation sheets
attached to Schedule of Creditors Holding Priority Claims

|  | Amount of Claim | Amount Entitled to Priority | Amount not Entitled |
|---|---|---|---|
| **Subtotal $**<br>(Total of this page) | 331,814.80 | 331,814.80 | 0.00 |
| **Total $**<br>(Use only on last page of the completed Schedule E. Report total also on Summary of Schedules) | 331,814.80 | | |
| **Total $**<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and | | 331,814.80 | 0.00 |

In re _Xincon Technologies Inc._ ,                    Case No._____
             **Debtor(s)**                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed.  R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number _(See instructions above.)_ | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: **Creditor # : 1** **Cathay Bank** **1708 Oakland Rd** **San Jose CA 95131** | X | | _Business Loan_ | | | | $ 5,000.00 |
| Account No: **Creditor # : 2** **Cathay Bank** **1708 Oakland Rd** **San Jose CA 95131** | X | | _Business Loan_ | | | | $ 24,735.46 |
| Account No: **6484** **Creditor # : 3** **Chase** **800 Brooksedge Blvd** **Westerville OH 43081** | X | | _Credit Card_ | | | | $ 8,974.61 |
| Account No: **Creditor # : 4** **Firststar Investments** **25 Dogleg Lane** **Roslyn Heights NY 11577** | X | | _Business Loan_ | | | | $ 356,000.00 |

_2_ continuation sheets attached

Subtotal $          $ 394,710.07

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

In re _Xincon Technologies Inc._____,   Case No._____
        **Debtor(s)**                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: <br> Creditor # : 5 <br> HSBC Bank USA <br> P.O. Box 37278 <br> Baltimore MD 21297 | X | | Business Loan | | | | $ 22,933.00 |
| Account No: <br> Creditor # : 6 <br> HSBC Bank USA <br> P.O. Box 37278 <br> Baltimore MD 21297 | X | | Business Loan | | | | $ 214,763.91 |
| Account No: <br> Representing: <br> HSBC Bank USA | | | Daniel S. Roshco <br> Daniel S Roshco/ HSBC Attorney <br> 530 Fifth Avenue 23rd Fl <br> New York NY 10036 | | | | |
| Account No: 2009 <br> Creditor # : 7 <br> Renaissance Economic Develop. <br> 1 Pike Street <br> New York NY 10002 | X | | Business Loan | | | | $ 50,000.00 |
| Account No: 2009 <br> Representing: <br> Renaissance Economic Develop. | | | Peter Sverd <br> 132 Nassau Street <br> Suite 1300 <br> New York NY 10038 | | | | |
| Account No: 2009 <br> Creditor # : 8 <br> Renaissance Economic Develop. <br> 1 Pike Street <br> New York NY 10002 | X | | Business Loan | | | | $ 71,731.77 |

Sheet No. _1_ of _2_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $        $ 359,428.68

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of
Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related

In re _Xincon Technologies Inc._____,     Case No._____

**Debtor(s)**                                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   *2009*<br><br>*Representing:*<br>*Renaissance Economic Develop.* | | | *Peter Sverd*<br>*132 Nassau Street*<br>*Suite 1300*<br>*New York NY 10038* | | | | |
| Account No:<br><br>*Creditor # : 9*<br>*Sierra Realty Corp*<br>*12 East 46th Street*<br>*New York NY 10017* | X | | *Back Rent* | | | | $ 180,000.00 |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No.   *2*  of   *2*  continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | Subtotal $ | $ 180,000.00 |
|---|---|---|
| (Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related | **Total $** | $ 934,138.75 |

In re __*Xincon Technologies Inc.*_____ / Debtor     Case No. _____

                                                                                    (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
|  |  |

In re _Xincon Technologies Inc._ _____ / Debtor   Case No. _____
                                                                                      (if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preeceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| _Yixin Guo_<br>_256 Holbrook Avenue_<br>_Ronkonkoma NY  11779_ | _Cathay Bank_<br>_1708 Oakland Rd_<br>_San Jose CA  95131_<br><br>_Cathay Bank_<br>_1708 Oakland Rd_<br>_San Jose CA  95131_<br><br>_Chase_<br>_800 Brooksedge Blvd_<br>_Westerville OH  43081_<br><br>_Firststar Investments_<br>_25 Dogleg Labe_<br>_Roslyn Heights NY  11577_<br><br>_HSBC Bank USA_<br>_P.O. Box 37278_<br>_Baltimore MD  21297_<br><br>_HSBC Bank USA_<br>_P.O. Box 37278_<br>_Baltimore MD  21297_<br><br>_IRS_<br><br>_Cincinnati OH  45999_<br><br>_NYS Dept Tax & Finance_<br>_Civil Enforcement-Metropolitan_<br>_55 Hanson Place_<br>_Brooklyn NY  11217_<br><br>_Renaissance Economic Develop._<br>_1 Pike Street_<br>_New York NY  10002_ |

In re _Xincon Technologies Inc._ _____ / Debtor    Case No. _____

(if known)

# SCHEDULE H-CODEBTORS

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| _Yixin Guo...continued_ | _Renaissance Economic Develop._<br>_1 Pike Street_<br>_New York NY  10002_<br><br>_Sierra Realty Corp_<br>_12 East 46th Street_<br>_New York NY  10017_ |

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK
# ONE BOWLING GREEN DIVISION

In re: *Xincon Technologies Inc.,*
*a New York Corporation*

Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

---

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                    SOURCE

*Year to date:$0*
*Last Year:$0*
*Year before:$807,863*

---

### 2. Income other than from employment or operation of business

None ☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 3. Payments to creditors

None ☒

Complete a. or b., as appropriate, and c.

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filingunder chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None ☒

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| HSBC BANK USA v. Xincon Technology, Yunling Yu and Yixin Guo, 2008-3900D | Collection | New York, NY | Pending |
| Renaissance Economic Development Corp. V. Xincon Technology, Yixin Guo, 600839/2009 | Collection | New York, NY | Pending |
| Cathay Bank v. Xincon Technologies, Inc. | Collection | New York, NY | Pending |

None ☒

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures and returns

None ☒   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships

None ☒   a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 7. Gifts

None ☒   List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 8. Losses

None ☒   List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 9. Payments related to debt counseling or bankruptcy

None ☐   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: Daniel M. Silvershein* *Address:* *262 West 38th Street* *Suite 1007* *New York, NY 10018* | *Date of Payment:* *Payor: Xincon Technologies Inc.* | *$5,000.00* |

### 10. Other transfers

None ☒   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ⊠   b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a benificiary.

## 11. Closed financial accounts

None ☐   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| *Institution:Citibank* *Address:New York* | *Account Type and No.:* *Final Balance:5000* | |

## 12. Safe deposit boxes

None ⊠   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 13. Setoffs

None ⊠   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 14. Property held for another person

None ⊠   List all property owned by another person that the debtor holds or controls.

## 15. Prior address of debtor

None ☐   If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| *Debtor:* *Address:101 West 31st Street* *New York, NY* | *Name(s):* | *2000-2005* |

## 16. Spouses and Former Spouses

None ⊠   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

## 17. Environmental Information

None 

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor,
including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar termunder an Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

None 

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

## 18. Nature, location and name of business

None ☒

a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self -employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses      in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses      in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencment of this case.

None ☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

## 19. Books, records and financial statements

None ☒   a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

None ☐   b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|------------------------|
| *Joseph Calandra, CPA* | *34-67 Francis Lewis Blvd*<br>*Bayside, NY 11358* | *Dates:2008* |

None ☒   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None ☒   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

## 20. Inventories

None ☒   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None ☒   b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

## 21. Current Partners, Officers, Directors and Shareholders

None ☒   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| None ☐ | b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation. |

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| *Name:Yixin Guo*<br>*Address:256 Holbrook Avenue*<br>*Ronkonkoma, NY 11779* | *President* | *100%* |

## 22. Former partners, officers, directors and shareholders

| None ☒ | a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case. |

| None ☒ | b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case. |

## 23. Withdrawals from a partnership or distribution by a corporation

| None ☒ | If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case. |

## 24. Tax Consolidation Group.

| None ☒ | If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceeding the commencement of the case. |

## 25. Pension Funds.

| None ☒ | If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case. |

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date  _05/07/2010_

Signature  _/s/ Yixin Guo_

_Yixin Guo_                                    _President_
Print Name and Title

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both, 18 U.S.C. §§ 152 and 3571.*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK
# ONE BOWLING GREEN DIVISION

In re *Xincon Technologies Inc., a New York Corporation*

Case No.
Chapter **7**

_____ / Debtor

Attorney for Debtor: *Daniel M. Silvershein*

# STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1. The undersigned is the attorney for the debtor(s) in this case.

2. The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
   a) For legal services rendered or to be rendered in contemplation of and in connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ *5,000.00*
   b) Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . $ *5,000.00*
   c) The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . $ *0.00*

3. $ *299.00* of the filing fee in this case has been paid.

4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.
   b) Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the court.
   c) Representation of the debtor(s) at the meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and
   *None other*

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and
   *None other*

7. The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for the value stated:
   *None*

8. The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:
   *None*

Dated: *05/07/2010*                    Respectfully submitted,

X */s/ Daniel M. Silvershein* _____

Attorney for Petitioner: *Daniel M. Silvershein*
*Daniel Silvershein, Atty at Law*
*262 West 38th Street*
*Suite 1007*
*New York NY 10018*
*212-387-7880*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK
# ONE BOWLING GREEN DIVISION

In re *Xincon Technologies Inc.,*
    *a New York  Corporation*

Case No.
Chapter  **7**

_____ / Debtor

Attorney for Debtor:  **Daniel M. Silvershein**

## <u>VERIFICATION OF CREDITOR MATRIX</u>

      The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

Date: *05/07/2010*
_____

*/s/ Yixin Guo*
_____
Debtor

Xincon Technologies Inc.


CATHAY BANK
1708 OAKLAND RD
SAN JOSE, CA  95131


CHASE
800 BROOKSEDGE BLVD
WESTERVILLE, OH  43081


DANIEL S. ROSHCO
DANIEL S ROSHCO/ HSBC ATTORNEY
530 FIFTH AVENUE 23RD FL
NEW YORK, NY  10036


FIRSTSTAR INVESTMENTS
25 DOGLEG LABE
ROSLYN HEIGHTS, NY  11577


HSBC BANK USA
P.O. BOX 37278
BALTIMORE, MD  21297


IRS
CINCINNATI, OH  45999


NYS DEPT TAX & FINANCE
CIVIL ENFORCEMENT-METROPOLITAN
55 HANSON PLACE
BROOKLYN, NY  11217


PETER SVERD
132 NASSAU STREET
SUITE 1300
NEW YORK, NY  10038


RENAISSANCE ECONOMIC DEVELOP.
1 PIKE STREET
NEW YORK, NY  10002

Xincon Technologies Inc.

SIERRA REALTY CORP
12 EAST 46TH STREET
NEW YORK, NY  10017


YIXIN GUO
256 HOLBROOK AVENUE
RONKONKOMA, NY  11779

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:  **Xincon Technologies Inc.**

Case No.

Chapter    **7**

# BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE:  ONLY INCLUDE information directly related to the business operation.)

| | | |
|---|---|---|
| PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS: | | |
| 1.  Gross Income For 12 Months Prior to Filing: | | $                0.00 |
| | | |
| PART B - ESTIMATED AVERAGE FUTURE GROSS  MONTHLY INCOME: | | |
| 2. Gross Monthly Income: | | $                0.00 |
| | | |
| PART C - ESTIMATED FUTURE MONTHLY EXPENSES: | | |
| 3. Net Employee Payroll (Other Than Debtor) | $                0.00 | |
| 4. Payroll Taxes | 0.00 | |
| 5. Unemployment Taxes | 0.00 | |
| 6. Worker's Compensation | 0.00 | |
| 7. Other Taxes | 0.00 | |
| 8. Inventory Purchases (Including raw materials) | 0.00 | |
| 9. Purchase of Feed/Fertilizer/Seed/Spray | 0.00 | |
| 10. Rent (Other than debtor's principal residence) | 0.00 | |
| 11. Utilities | 0.00 | |
| 12. Office Expenses and Supplies | 0.00 | |
| 13. Repairs and Maintenance | 0.00 | |
| 14. Vehicle Expenses | 0.00 | |
| 15. Travel and Entertainment | 0.00 | |
| 16. Equipment Rental and Leases | 0.00 | |
| 17. Legal/Accounting/Other Professional Fees | 0.00 | |
| 18. Insurance | 0.00 | |
| 19. Employee Benefits (e.g., pension, medical, etc.) | 0.00 | |
| | | |
| 20. Payments to Be Made Directly By Debtor to Secured Creditors For | | |
| Pre-Petition Business Debts (Specify): | | |
| | $                0.00 | |
| | 0.00 | |
| | 0.00 | |
| | | |
| 21. Other (Specify) | | |
| | $                0.00 | |
| | 0.00 | |
| | 0.00 | |
| | | |
| 22. Total Monthly Expenses | | $                0.00 |
| | | |
| PART D - ESTIMATED AVERAGE  NET MONTHLY INCOME: | | |
| | | |
| 23. AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2) | | $                0.00 |

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
## ONE BOWLING GREEN DIVISION

In re *Xincon Technologies Inc.*
    *a New York  Corporation*

Case No.
Chapter  **7**

_____ / Debtor

### STATEMENT REGARDING CORPORATE RESOLUTION

The undersigned Yixin Guo is President of Xincon Technologies Inc., a  corporation.  On  the following resolution was duly adopted by the  of this corporation.

"WHEREAS, it is in the best interests of this corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 7 of Title 11 of the United States Code:

"NOW, THEREFORE, BE IT RESOLVED, that Yixin Guo, President of this corporation, be and hereby is, authorized and directed to execute and deliver all documents necessary to perfect the filing of a Chapter 7 voluntary bankruptcy case in the United States Bankruptcy Court on behalf of the corporation; and

"BE IT FURTHER RESOLVED, that Yixin Guo, President of this corporation, be and hereby is, authorized and directed to appear in all such bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform any and all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with said bankruptcy proceedings; and

"BE IT FURTHER RESOLVED, that Yixin Guo, President of this corporation, be and hereby is, authorized and directed to employ Daniel M. Silvershein , Attorney and the law firm of Daniel Silvershein, Atty at Law , to represent the corporation in said bankruptcy proceedings."

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION

I, Yixin Guo, President of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing resolution and it is true and correct to the best of my knowledge, information, and belief.

Date  _____

Signature  */s/ Yixin Guo* _____
                             Yixin Guo
                             President

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK
# ONE BOWLING GREEN DIVISION

In re *Xincon Technologies Inc.,*
   *a New York  Corporation*

Case No.
Chapter  **7**

_____ / Debtor

Attorney for Debtor:  **Daniel M. Silvershein**

## LIST OF EQUITY SECURITY HOLDERS

| Number | Registered Name of Holder of Security | Number of Shares | Class of Shares, Kind of Interest |
|---|---|---|---|
| *1* | *Yixin Guo*<br>*256 Holbrook Avenue*<br>*Ronkonkoma NY 11779* | *200* | *Common* |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

# LIST OF EQUITY SECURITY HOLDERS

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION

I, *Yixin Guo* , *President* of the *corporation* named as

debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that they are true and correct to the best of my knowledge, information and belief.

Date: *05/07/2010*

Signature: */s/ Yixin Guo*

Name: *Yixin Guo*

Title: *President*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN District of NEW YORK

## ELECTRONIC FILING DECLARATION OF DEBTOR(S)
## CHAPTER 7 - INDIVIDUAL

I (We), the undersigned Debtor(s), hereby declare under penalty of perjury that: (1) I have read and understand the petition, schedules and statements being filed electronically; (2) the information provided in the petition, schedules and statements being filed electronically, including my full Social Security Number as electronically submitted to the Court, is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Debtor(s) in the electronically filed petition, schedules and statements serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the electronically filed petition, schedules and statements in such places and provided the executed hard copy of the petition, schedules and statements to my attorney; (5) I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed original to my attorney; and (6) I have authorized my attorney to file the electronic version of the petition, schedules and statements and this *Declaration* with the United States Bankruptcy Court.

/s/ Xincon Technologies Inc.                              05/07/2010
_____                    _____
*Signature of Debtor*                                                  Date

Xincon Technologies Inc.
_____
*Printed Name of Debtor*

                                                                        05/07/2010
_____                    _____
*Signature of Joint Debtor (if applicable)*                    Date

_____
*Printed Name of Joint Debtor (if applicable)*

## ELECTRONIC FILING DECLARATION OF ATTORNEY FOR DEBTOR(S)
## CHAPTER 7 - INDIVIDUAL

I, the undersigned Attorney for the Debtor(s), hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for Debtor(s) in the electronically filed petition, schedules and statements serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Debtor(s) signed the *Declaration of Debtor(s)* and completed and signed the *Statement of Social Security Number(s)* (Form B21) before I electronically submitted the petition, schedules and statements for filing with the United States Bankruptcy Court; (3) I have actually signed a true and correct hard copy of the electronically filed petition, schedules and statements in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Debtor(s) in the locations that are indicated by "/s/," followed by the Debtor's name, on the true and correct hard copy of the petition, schedules and statements; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Debtor(s)*, the *Statement of Social Security Number(s)* (Form B21), the petition, schedules and statements for a period of five years after the closing of the case in which they are filed; (5) I shall make the executed originals of this *Declaration*, the *Declaration of Debtor(s)*, the petition, schedules and statements available for review upon request of the Court or other parties; and (6) I shall make the executed original of the *Statement of Social Security Number(s)* (Form B21) available for review upon request of the Court.

/s/ Daniel M. Silvershein                                  05/07/2010
_____                    _____
*Signature of Attorney for Debtor(s)*                          Date

Daniel M. Silvershein          Bar #: dms-7669
_____
*Printed Name of Attorney for Debtor(s)*

Daniel Silvershein, Atty at Law
262 West 38th Street          Suite 1007
New York , NY  10018
212-387-7880      Fax:    212-260-8930